BILL in equity for an'injunction against a judgment at law i-Allen was removed to some distant place unknown to his. acquaintances. A third person really interested in the judg-. meet made an affidavit, stating a denial of-the matters of equity *151 contained m the bill; stating also his own interest; and it was insisted upon before Judge Hall that an injunction might be dissolved on affidavits disproving the equity of the bill, especially in a ■case like the present where the real defendant was not brought into court and the nominal one resided at some place whence his answer could not be procured; and the case of Benton and Gibson was urged whereon injunction was continued on affidavits against the answer of the defendant. It was argued that if the ■court would continue on affidavits, the same reason required they would dissolve on affidavits also, otherwise the condition of the ■plaintiff or defendant would be unequal. The case was carried io the court of Conference and there the Judge who had decided Benton and Gibson, was of opinion, that case affordedprto principle ©f decision which could be applied to the present. The court of Conference agreed that the affidavit in the present case was sufficient to shew that the deponent should he made a party. They declared, however, that an injunction could not be dissolved but upon the answer of the defendant. What passed in the court of Conference is ex ratitione.
Cases cited for the deponent—2 H. Ch. P. 227. Foth. 37. 2 H. Ch. P. 259. Ch. Rep. 209. Cursus Con. 445. 3 P. W. 255. 2 Bro. Ch. Rep. 15, 182 to 186.